**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JOSE ROBERTO LAURENCE-LOPEZ, AKA Eber Barrosa-Alero, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No.    18-72072 Agency No. A200-150-579 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020[**]

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Jose Roberto Laurence-Lopez, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

deferral of removal under the Convention Against Torture ("CAT"). Our

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We dismiss in part and grant in part, and we remand.

We lack jurisdiction to consider Laurence-Lopez's contentions that the IJ failed to conduct a full and fair hearing and that the IJ abused his discretion in denying Laurence-Lopez's motion for a continuance because Laurence-Lopez failed to raise these issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

We do not consider the materials Laurence-Lopez references in his opening brief and in his letter to the court received on February 7, 2020 that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

In denying Laurence-Lopez's deferral of removal under CAT claim, it is unclear from the record whether the agency's analysis of the risk of future torture and state action considered that one of the individuals that committed the past torture Laurence-Lopez experienced was a police officer. *See Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013) (remanding for agency to consider all evidence

in assessing likelihood of torture); *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011) ("[W]here potentially dispositive testimony and documentary evidence is submitted, the BIA must give reasoned consideration to that evidence."). Thus, we grant the petition for review and remand Laurence-Lopez's CAT claim to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**